STATE OF LOUISIANA      *      NO. 2024-K-0285

VERSUS      *      COURT OF APPEAL

ERIC MATTHEWS      *      FOURTH CIRCUIT

     *      STATE OF LOUISIANA

     *

     *

* * * * * * *

*TGC*

**CHASE, J., CONCURS IN THE RESULT AND ASSIGNS REASONS**

I respectfully concur in the result. I write separately to confirm my belief that Mr. Matthews filed an application for post-conviction relief on March 14, 2023 and the November 29, 2023 filing is a supplement to his original application. However, I agree with the majority in its finding that the State's waiver of procedural objections, filed on March 14, 2023, do not apply to the new claims raised in Mr. Matthews' "Supplement to Application for Post-Conviction Relief." Mr. Matthews' original application for post-conviction relief raised ineffective assistance of counsel claims regarding trial counsel, sentencing counsel and appellate counsel. A review of the supplement indicates Mr. Matthew raises new claims relative to State misconduct. These claims were not asserted in his original application for post-conviction relief. I believe the district court abused its discretion in finding the State's waiver applies, in totality, to the new claims raised in Mr. Matthews' supplement. The district court's ruling allowing Mr. Matthews to supplement his original application for post-conviction relief prohibits the State from responding to the new claims asserted. Thus, I respectfully concur in the result of reversing the district court's May 6, 2024 ruling finding the waiver applies to the Mr. Matthews' "Supplement to Application for Post-Conviction Relief."